UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| BRANDON NANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-0043 |
| ) | Judge Echols |
| WAYNE COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") (Docket Entry No. 142) which recommends that Plaintiff's "Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37" (Docket Entry No. 49) be denied. Plaintiff has filed Objections (Docket Entry No. 154) to the R & R.

Although the Magistrate Judge entered an R & R, he did so as the case management judge in relation to a non-dispositive motion involving a discovery matter. See, Local Rule 16.01(e)(1) and 16.02(f)(2). The Motion for Sanctions filed by Plaintiff is not one excepted from coverage under 28 U.S.C. § 636(b)(1)(a). See, Sutton v. U.S. Small Bus. Admin., 92 Fed. Appx. 112, 120 (6th Cir. 2003)(motion for discovery sanction is "'not excepted in subparagraph (A)' or elsewhere referenced in § 636(b)(1)(B)" and therefore a magistrate judge can *determine* a Rule 37 sanctions motion); Bell-Flowers v. Progressive Ins. Co., 2005 WL 3434818 *2 n.1 (W.D. Tenn. 2005)(motions for sanctions premised on discovery abuses are non-dispositive unless sanction includes dismissal of claim). Therefore Federal Rule of Civil Procedure 72(a) supplies the standard of review and the Magistrate Judge's decisions will be rejected by this Court only if it "is clearly

1

erroneous or contrary to law" under Rule 72(a), notwithstanding that it is couched in terms of an R & R. See, Retired Chicago Police Ass'n v. City of Chicago, 76 F.3d 856, 868 n.5 (7th Cir. 1996)(although magistrate judge titled his sanctions determinations as recommendations, they were properly reviewed by district court under clear error standard); Williams v. White Castle Sys., Inc., 526 F. Supp. 830, 832 (M.D. Tenn. 2007)(award of sanctions in the form of excess costs is non-dispositive matter and clearly erroneous review applied even though magistrate judge entered an R & R)

Plaintiff seeks sanctions because Defendants refused to admit Plaintiff's request for Admission No. 10 relating to whether he received Ibuprofen during his stay at the jail. The Magistrate Judge stated that sanctions were not warranted because the request used the phrase "throughout his stay at the jail," and defense counsel mistakenly read the request as asking Defendants to admit that Plaintiff had *never* received Ibuprofen during his incarceration at the Wayne County Jail, as opposed to whether Plaintiff received Ibuprofen during his *entire* stay at the jail. Plaintiff does not object to this conclusion.

Plaintiff does object to the Magistrate Judge's conclusion that sanctions are not warranted based upon Defendants' failure to identify the existence of, or produce, the medical file which documented the medical care Plaintiff received while housed at the Wayne County Jail. The Magistrate Judge reasoned that because the medical file is missing (and apparently has been since the start of the litigation), it was not in the "possession, custody, or control" of the Defendants within the meaning of Fed. R. Civ. P. 26(a)(1)(A)(ii) at the time the initial disclosures were made. The Magistrate Judge further reasoned that the medical file did not constitute a document that the Defendants would use to support their claims or defenses within the meaning of the same rule.

2

Case 1:08-cv-00043   Document 186   Filed 10/15/09   Page 2 of 6 PageID #: 1346

Plaintiff first objects by arguing that the Magistrate Judge erroneously stated that Plaintiff's only argument with regard to the medical file was that Defendants had a duty to disclose the same and that Plaintiff was not contending that he ever requested the medical file. Plaintiff points to his Interrogatory Number 7 as fitting the bill for such a request because it requested Defendants "[i]dentify the date, time, and nature of all medical requests made by the Plaintiff," along with the "name of the individual or individuals that responded to each request and the action or actions taken in response." (Docket Entry No. 122-2). However, this Interrogatory, by its terms, did not request documents, medical or otherwise, and thus the Magistrate Judge was not clearly erroneous in stating that Plaintiff did not appear to request his medical file. Moreover, it is far from clear that Defendants were trying to "hide the ball," as Defendants responded to Interrogatory Number 7 by acknowledging that Plaintiff talked to Nurse Gower about his leg injury, but that "documents containing the correct dates have not been located." (Docket Entry No. 56-1).

Plaintiff also argues the Magistrate Judge erred in failing to recognize Plaintiff's argument as advanced in his reply brief that Request for Production Number 6 constituted a request for the medical file. In that Request, Defendants were asked to "[p]roduce <u>any</u> tape recorded, transcribed or written statements or any note made of any oral statement given by an officer, agent or employee of any of the Defendants concerning the incident or claim at hand." (Docket Entry No. 122-2)(emphasis in original). This Request for Production does not clearly request the medical records particularly since, while Nurse Gower presumably made notes in the medical record, it is doubtful that such notes were of her "oral statements." Regardless, the medical file is, at present, lost and Defendants cannot produce that which they do not have. See, <u>Judy v. Pingue</u>, 2009 WL 2345440 at *1 (S.D. Ohio 2009)("The Court cannot compel defendant to produce what does not exist"); <u>Roten</u>

3

v. McDonald, 2009 WL 2242388 at *2 (D. Del. 2009)("If a document does not exist, Defendant cannot produce it").

Plaintiff next objects to the Magistrate Judge's conclusion that because the medical file has been misplaced or lost, it was not within Defendants' "possession, custody, or control" under Rule 26 which would trigger mandatory disclosure. Plaintiff points to BLACK'S LAW DICTIONARY for the definitions of "possession," "custody," and "control," and notes that courts construe the word "control" broadly. While that may be so, the Magistrate Judge's conclusion is not clearly erroneous because even though a party is required "to produce things which are in its 'possession, custody, or control,' . . .[i]tems which have been lost cannot be deemed to fit this description." Banff Limited. v. Limited, Inc, 1994 WL 66069 at *2 (S.D.N.Y. 1994).

Plaintiff also argues the Magistrate Judge erred by stating Plaintiff "does not point out any situations in which Defendants' witnesses have 'explicitly' referred to Plaintiff's medical file from the Wayne County Jail in denying the allegations of the Complaint," such that disclosure under Rule 26 would be mandated. (Docket Entry No. 142 at 12). Plaintiff argues this assertion is incorrect given Nurse Gower's statements in her deposition that certain things relating to Plaintiff's care were documented in the medical file. However, this testimony occurred long after Defendants' initial disclosures and, while a party has a duty to supplement, it is undisputed that Plaintiff learned of the missing file during Nurse Gower's deposition. See, Fed. R. Civ. P. 26(e)(2)(a party must supplement an incomplete or incorrect disclosure "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process"). Moreover, and as the Magistrate Judge noted, Defendants cannot use the records as long as they are lost.

This Court has thoroughly reviewed the R & R and Plaintiff's Objections thereto and finds

4

that the Magistrate Judge's conclusion with respect to the Motion for Sanctions is neither clearly erroneous nor contrary to law in light of the present record. Prior to closing, however, the Court addresses two additional matters.

First, in the R & R, the Magistrate Judge stated "the jury should not be instructed on the non-disclosure, because Defendant was under no duty to make such a disclosure." (Docket Entry No. 142 at 13). In an accompanying footnote, the Magistrate Judge cites BLACK'S LAW DICTIONARY for the proposition that spoliation is "[t]he intentional destruction, mutilation, alteration or concealment of evidence" and states there has been no evidence of spoliation in this case. (Docket Entry No. 132 at 13 & n.9). However, the Sixth Circuit has noted that "failure to produce relevant evidence falls 'along a continuum of fault – ranging from innocence through the degrees of negligence to intentionality'" and "the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault" and can include "instructing a jury that it may infer a fact based on lost or destroyed evidence." Adkins v. Wolever, 544 F.3d 650, 652-53 (6th Cir. 2009)(emphasis added, citation omitted). The Court does not conclude, based on the present record, that Plaintiff would not be entitled to an adverse inference instruction if warranted by the facts surrounding the missing medical file.

Second, in their reply brief, Defendants requested that they be awarded their costs and attorneys' fees incurred in responding to Plaintiff's Motion for Sanctions. This request was not addressed by the Magistrate Judge in the R & R and, in his Objections, Plaintiff asks that Defendants not be awarded attorney's fees or costs. No attorney's fees or costs will be awarded because the Court finds Plaintiff's Motion for Sanctions was substantially justified and an award of fees or costs to Defendants would be unjust in the circumstances of this case. See, Fed. R. Civ. P. 37(a)(5);

5

Vilsant v. Saxon Mortg. Serv., Inc., 2009 WL 413724 at *3 (S.D. Fla. 2009)(a motion for sanctions in substantially justified if there is a reasonable basis in law and fact for making the motion).

Accordingly, the R & R (Docket Entry No. 142) is hereby ACCEPTED as modified and Plaintiff's Objections thereto (Docket Entry No. 154) are hereby OVERRULED. Plaintiff's Motion for Sanctions (Docket Entry No. 49) is hereby DENIED. However, this ruling does not preclude Plaintiff from requesting an adverse inference instruction if he can prove facts which warrant the giving of such an instruction.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE