UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| BRANDON NANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:08-0043 |
| | ) Judge Echols |
| WAYNE COUNTY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court held a Final Pretrial Conference in this case on October 19, 2009. This Order confirms the following rulings made during that conference:

(1) The "Motion of Kathy B. Tennisson for Admission *Pro Hac Vice* to Represent Plaintiff" (Docket Entry No. 179) is hereby GRANTED;

(2) Plaintiff is to file an Amended Witness and Amended Exhibit List on or before October 22, 2009 which conforms to the Court's discussions at the Pretrial Conference;

(3) Counsel for the parties are to review their opponent's Witness and Exhibit Lists to insure they have no objections to the names listed and documents identified in those lists. Counsel shall contact opposing counsel on or before October 26, 2009 to clarify any uncertainty with respect to the opponent's Witness or Exhibit List and, if any objections remain, are to file objections with the Court on or before noon on October 30, 2009;

(3) Counsel for the parties shall discuss the proposed method or manner of submitting exhibits to be offered at trial, including the use of exhibit books and the overhead projector, and, to the extent possible, agree on the authenticity and admissibility of exhibits to be offered;

(4) Counsel are discouraged from using a witness's entire deposition testimony at trial. Instead, counsel shall mark or designate only the relevant deposition testimony the party intends to use at trial and submit the same to opposing counsel on or before October 23, 2009, whereupon counsel for the opposing party will mark or designate the excerpts of the deposition that he or she intends to use at trial and submit the same to opposing counsel on or before October 28, 2009. On or before October 29, 2009, counsel shall confer in a good faith effort to resolve any disputes they may have to the deposition excerpts which have been marked for use at trial. If any objections remain after that conference, the same shall be submitted to the Court on or before noon on October 30, 2009;

(5) Plaintiff's "Motion in Limine to Exclude Certain Testimony" (Docket Entry No. 144) which seeks to preclude Defendant from presenting any testimony regarding information which would be in Plaintiff's missing medical file is hereby DENIED because a witness may testify as to his or her recollection independent of the missing medical records. However, the Court hereby RESERVES RULING on Plaintiff's alternative request that the jury be given an adverse inference instruction in relation to the missing medical records;

(6) Plaintiff's "Motion in Limine to Exclude Certain Portions of the Testimony of Dr. Joseph Wieck, M.D." (Docket Entry No. 146) is hereby DENIED because Plaintiff's objection to this testimony goes to the weight and not the admissibility of Dr. Wieck's testimony;

(7) Defendant's Motion in Limine to Exclude Testimony of Non-Experts Concerning Adequacy of Treatment (Docket Entry No. 151) is hereby DENIED because lay witnesses can testify as to what they observed. However, such witnesses will not be allowed to opine on the adequacy of the medical care received and counsel for Defendant is expected to monitor the testimony and inform the Court if it appears that the lay witness testimony is encroaching on opinion testimony;

(8) Defendant's Motion in Limine to Exclude Testimony of Medical Complaints Not Pled (Docket Entry No. 152) is hereby DENIED because the Pretrial Order supplants the pleadings and that document makes clear Plaintiff claims Defendant was deliberately indifferent to his serious medical needs for various reasons, including the failure to provide him with prescribed medication. Moreover, in this Court's rulings on the Motion for Summary Judgment (Docket Entry Nos. 175 & 176), which was entered after the Motions in Limine were filed, the Court ruled that while Plaintiff did not allege in his Complaint that he suffered a deprivation of his constitutional rights specifically because he was denied prescription medications, he did allege Wayne County was deliberately indifferent to his need for follow-up treatment after major surgery and that "[t]reatment obviously includes medicine." (Docket Entry No. 175 at 13);

(9) At the Pretrial Conference, the Court reserved ruling on Defendant's Motion in Limine to Exclude Testimony and/or Evidence of Medical Treatment of Other Inmates (Docket Entry No. 153) and indicated it would review the authorities cited by the parties and conduct independent research on the issue presented by the Motion. Having done so, the Court notes that insofar as Plaintiff seeks to have these inmates testify as to the medical treatment they did or did not receive in order to show a custom or practice for purposes of municipal liability, Defendant's Motion may be well taken. In Peet v. City of Detroit, 502 F.3d 557, 568 (6th Cir. 2007)(citation omitted), a case not cited by the parties, the Sixth Circuit noted that "[a] custom or policy must be shown by 'a clear and persistent pattern,'" and held that "three discrete instances in one investigation is simply not enough to reasonably draw such a conclusion." True, Peet involved a single police investigation, but other courts have held that a handful of incidents over a period of time does not show a custom or practice. See, Alphabet v. City of Cleveland, 2006 U.S. Dist. Lexis 83490 at ** 19-20 (N.D. Ohio 2006)(collecting cases). While it appears that three incidents may not be enough to show a custom

or practice, it is obvious that the cases are fact-driven and this Court has limited facts upon which to base a final decision. Accordingly, the Court hereby RESERVES RULING on this Motion and will allow Plaintiff the opportunity to proffer the facts underlying the incidents and further authority which would support his position that these three incidents show a custom or practice of deliberate indifference to serious medical needs of jail inmates by Wayne County;

(10) If an issue arises between now and the date of trial which requires the Court's attention, the parties shall refrain from making further written filings, and contact the Courtroom Deputy so that a conference can be held with the Court;

(11) The jury trial in this case is expected to last approximately four to five days and will commence on November 3, 2009 in Columbia, Tennessee at 9:00 a.m., as previously scheduled.

It is SO ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE